### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**SHIV SHAKTI HOTELS, INC., DBA**
**COMFORT INN & SUITES**                                              **PLAINTIFF**

**V.**                                    **4:26CV00545 JM**

**VALLEY FORGE INSURANCE COMPANY**                          **DEFENDANT**

### ORDER

Pending is the Defendant's partial motion to dismiss Plaintiff's claim for the tort of bad faith. Plaintiff has not responded and the time for doing so has passed.

I.      Facts as alleged in the complaint

Plaintiff submitted a claim to its insurer, Defendant Valley Forge Insurance Company, for the sudden breakdown of the elevator on Plaintiff's premises. Defendant initially denied the claim on the basis that the elevator broke down because it sustained long term exposure to moisture and condensation from inadequate dehumidification in the pool and elevator room. Defendant at that time rejected Plaintiff's position that a dehumidifier and mini split system in place in the elevator room was sufficient to address any humidity issues. Defendant denied the claim in correspondence dated July 16, 2025.

The elevator was subsequently replaced at Plaintiff's cost. Plaintiff made a demand to Defendant for payment on October 8, 2025. With the demand Plaintiff included a statement from the Plaintiff's plumber, Kevin Depriest, which stated that the elevator did in fact have a sudden breakdown which stemmed from a leaking toilet directly above the elevator room in Room 216. Mr. Depriest ultimately stated that he found that a sudden leak had reasonably taken place very recently prior to the February 9, 2025 loss report date which resulted in water damage to the area below the toilet (i.e. the elevator room). Despite additional evidence, Defendant issued an

updated denial letter on October 27, 2025, acknowledging the cause of loss but still asserting a coverage defense. Plaintiff alleges that Defendant's policy contains a clear endorsement and sub-limit for water damage, which Defendant erroneously refused to apply in bad faith. Plaintiff filed suit against the Defendant for breach of contract and the tort of bad faith.

II.      Standard for Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." *Id.*

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). The Court is not

bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

III.     Analysis

"The standard for establishing a claim for bad faith is rigorous and difficult to satisfy." *Unum Life Ins. Co. of Am. v. Edwards*, 210 S.W.3d 84, 87 (Ark. 2005). "In order to state a claim for bad faith, one must allege that the defendant insurance company engaged in affirmative misconduct that was dishonest, malicious, or oppressive." *Id.* The Arkansas Supreme Court "has defined 'bad faith' as 'dishonest, malicious, or oppressive conduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge.'" *Id.* (quoting *State Auto Prop. & Cas. Ins. Co. v. Swaim*, 991 S.W.2d 555 (Ark. 1999)). Bad faith does not arise merely from the denial of a claim—there must be affirmative misconduct. *Id.* at 88.

Plaintiff's allegation that the Defendant erroneously, and in bad faith, applied its policy terms does not support a plausible claim that Defendant acted with a "with a state of mind characterized by hatred, ill will, or a spirit of revenge" as required under Arkansas law. Assuming all of Plaintiff's allegations against the Defendant are true, these allegations do not allow the Court to find Valley Forge acted in bad faith. Defendant's motion to dismiss the bad faith claim is granted.

IV.     Conclusion

Defendant's motion to dismiss Plaintiff's claim for bad faith (Doc. No. 4) is GRANTED.

IT IS SO ORDERED this 9th day of July, 2026.

_____
James M. Moody Jr.
United States District Judge